UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER LOCKETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 2:24-cv-00199-JRS-MJD |
| VANCE, | ) ) ) |
| Defendant. | ) |

**Order Granting Motion for Summary Judgment**
**and Directing Entry of Final Judgment**

On May 24, 2024, Christopher Lockett, who is currently incarcerated at Pendleton Correctional Facility ("Pendleton"), filed this action pursuant to 42 U.S.C. § 1983 concerning his dental treatment. Mr. Lockett alleges that the Defendant, Dr. Monica Vance, violated his Eighth Amendment rights by delaying treatment for his wisdom tooth and then failing to provide adequate pre-and-post surgery medication. *See* dkt. 12. Dr. Vance moves for summary judgment arguing that Mr. Lockett failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motion for summary judgment, dkt. [22], is **GRANTED** and the action is **DISMISSED WITHOUT PREJUDICE.**

I.
**Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead,

1

the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Lockett did not respond to the motion for summary judgment, though he did file a copy of his grievance on the docket. Dkt. 7-1. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in

the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

## II.
## Factual Background

At all times relevant to the claims in this suit, Mr. Lockett was incarcerated at Pendleton, a prison maintained by the Indiana Department of Correction ("IDOC").

### A. Offender Grievance Process

The IDOC's "Offender Grievance Process" was in effect during the events in this lawsuit. Dkt. 22-2 ¶ 6. (Bodkin Aff.). Each prisoner receives information about the grievance procedure at intake as well as during the orientation upon entering Pendleton. *Id.* ¶ 8. A copy of the policy is also available through the Law Library. *Id.*

During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance on State Form 45471; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.* ¶ 6. The grievance process is not complete until the incarcerated person completes the appeals process. *Id.* ¶ 7.

After the first step, the grievance specialist must respond within 10 days. Dkt. 22-1 § X. If the offender does not receive a response within 20 days, he can appeal as though the grievance had been denied. *Id.*

3

The IDOC maintains records of all prisoner grievances, documenting when the grievance was filed, the response the prisoner received from the facility, the stage of the grievance process, and the ultimate resolution. *Id.* ¶¶ 4, 9.

### B. Plaintiff's Participation in the Grievance Process

On May 20, 2024, Mr. Lockett submitted grievance # 24-179799 related to dental care. Dkt. 22-4 (Plaintiff's Grievance History). The Court has received two versions of this grievance: Dr. Vance's certified copy in support of her motion for summary judgment and Mr. Lockett's copy in support of his motion to compel from June 5, 2024. Dkts. 22-3; dkt. 7-1. In both versions, the initial formal grievance from May 20, 2024, states that Mr. Lockett submitted healthcare slips on April 7, 2024, "letting them know I have a tooth that hurts really bad. I have been in pain for over a month and a few weeks. I still have not been seen for my ongoing pain in my mouth. I'm a chronic care diabetic . . . I'm continuing to seek dental care." Dkt. 22-3; dkt. 7-1. Mr. Lockett's copy does not have a signature from the facility grievance specialist or a stamp showing that it had been received, while Dr. Vance's copy shows that it was received on June 3, 2024, and signed by the grievance specialist, Katelyn McCorkle on June 4, 2024. Dkt. 22-3 at 1. The grievance specialist responded by saying, "[t]he grievance regarding a tooth that needs to be extracted has been received. According to medical you were seen on 5/20/2024 and the tooth was extracted. The grievance is deemed resolved at the facility level due to the relief has been completed." *Id.* at 2. Mr. Lockett checked "disagree" and signed underneath. *Id.* He dated the signature June 11, 2024. *Id.*

On June 5, 2024, Mr. Lockett filed his grievance appeal with this Court. Dkt. 7-1 at 2. The appeal states that Mr. Lockett did not receive a response to his initial grievance and complains that he still has ongoing pain, and that the dentist has not been treating him in a timely manner. *Id.* This grievance appeal is signed and dated for June 11, 2024. *Id.* Dr. Vance submitted the same grievance appeal, except it has the grievance number printed on it, and it is marked as received on June 14, 2024. Dkt. 22-3 at 6. The records show that Karson Hartz responded on July 23, 2024, stating: "I have reviewed your grievance appeal and all attached documents. I concur with the facility level responses. You were seen by dental, and the tooth was extracted. Grievance appeal addressed and resolved at the facility level. I am the Final Reviewing Authority per Offender Grievance Process Policy 00-02-301." *Id.*

There are no other grievances concerning dental care in the record.

### III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the

5

place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes…." *Id*.; *see also Ross*, 578 U.S. at 639 (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust…").

Here, the record shows that Mr. Lockett did not exhaust his administrative remedies before filing this lawsuit. It is undisputed that Mr. Lockett submitted his initial grievance related to the claims in this case on May 20, 2024. Mr. Lockett then proceeded to file this lawsuit on May 24, 2024—only four days after filing the initial grievance. This is dispositive because IDOC policy mandates that grievance specialists respond within 10 days. Even if the grievance specialist had not responded, Mr. Lockett would have to wait 20 days from May 20 to appeal the initial grievance response. In this way, the record clearly shows that Mr. Lockett did not follow the IDOC's grievance process before filing this lawsuit. In short, Mr. Lockett did not complete the available administrative process as required *before* filing this lawsuit. *Reid*, 962 F.3d at 329.

Therefore, Mr. Lockett "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a) of the PLRA, is that his

claims must be dismissed without prejudice. *Id.*; *see also Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For the above reasons, Dr. Vance's motion for summary judgment, dkt. [22], is **GRANTED**. Judgment dismissing this action without prejudice shall now issue.

**SO ORDERED.**

Date: 2/2/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER LOCKETT
903486
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Lisa G. Arnold
Bleeke Dillon Crandall, P.C.
lisa@bleekedilloncrandall.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com